WENDY J. OLSON, IDAHO BAR No. 7634
UNITED STATES ATTORNEY
GEORGE W. BREITSAMETER, IDAHO BAR No. 2871
ASSISTANT UNITED STATES ATTORNEY
KENNETH M. ROBINS
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV, SUITE 600
800 EAST PARK BOULEVARD
BOISE, IDAHO  83712
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1038

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR No. 10-016-S-EJL |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| SHANE MERLIN HYMAS and | ) | |
| LAURIE KRECHELLE HYMAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The United States of America and Wendy J. Olson, United States Attorney for the District of Idaho, George W. Breitsameter, Assistant United States Attorney, and Kenneth M. Robins, Special Assistant United States Attorney for said District, file this sentencing memorandum.  Sentencing is scheduled for Monday, April 11, 2011, at 11:00 a.m, as to Shane Hymas, and 11:30 a.m. as to Laurie Krechelle Hymas.

Pursuant to the terms of the plea agreement, the Government recommends that the Court impose sentence on Shane Hymas at an offense level twelve (12) and a criminal history category of I, which yields a sentencing guidelines range of 10-16 months.

The Presentence Investigation Report, hereinafter referred to as the "PIR," has calculated the offense level for defendant Shane Hymas at sixteen (16). Pursuant to the terms of the plea agreement, the Government moves for a four (4) level departure under Section 5K1.1 for the substantial assistance that the defendant has provided.[1] This four (4) level departure would yield an offense level of twelve (12) consistent with the plea agreement.

Pursuant to the terms of the plea agreement, the Government recommends that the Court impose sentence on Laurie Krechelle Hymas at an offense level ten (10) and a criminal history category of I, which yields a sentencing guidelines range of 6-12 months.

The PIR has calculated the offense level for defendant Laurie Krechelle Hymas at fourteen (14). Pursuant to the terms of the plea agreement, the Government moves for a four (4) level departure under Section 5K1.1 for the substantial assistance the defendant has provided.[2] This four (4) level departure would yield an offense level of ten (10), as set forth in the plea agreement.

The Government further requests that the Court impose a sentence within the sentencing guidelines range, followed by five years of supervised release with the conditions recommended by United States Probation and Pretrial Services.

---

[1] This motion is conditional upon the sentencing hearing proceeding, as scheduled on April 11, 2011, without further objections and delays. The Government reserves the right to revoke or modify this motion if the matter does not proceed as scheduled.

[2] This motion is conditional upon the sentencing hearing proceeding, as scheduled on April 11, 2011, without further objections and delays. The Government reserves the right to revoke or modify this motion if the matter does not proceed as scheduled.

As for restitution, the government recommends that the Court order restitution for the loss amount, as calculated in the PIR.  The PIR calculated the total amount of restitution on the counts related to Shane Hymas as $718,036.51, and to Laurie Krechelle Hymas as $174,363.19.  Accordingly, the Government seeks a restitution order on Shane Hymas in the amount of $718,036.51 and Laurie Krechelle Hymas in the amount of $ 174,363.19.

I.   STATEMENT OF FACTS

On April 1, 2010, the defendants, Shane Hymas and Laurie Krechelle Hymas, waived Indictment and pled guilty to an Information alleging one count of bank fraud.  The guilty pleas were entered pursuant to the terms of plea agreements.

The Information alleged that between September 2003 and December 2006, Shane and Laurie Krechelle Hymas obtained six (6) residential loans under fraudulent circumstances.  The total value of the fraudulent loans was approximately $1.8 million dollars.  The six loans are detailed in paragraph forty (40) of the PIR.

On July 11, 2008, Shane and Laurie Krechelle Hymas filed a petition in bankruptcy in United States Bankruptcy Court for the District of Idaho.  On March 18, 2009, they discharged a substantial amount of secured debt that was owed to various residential lenders.  (See Case Number 08-1386-TLM.)

The FBI obtained loan documentation which substantiated that Shane and Laurie Krechelle Hymas obtained six (6) false and fraudulent residential loans with an approximate value of $ 1.8 million dollars.

On August 21, 2009, Shane Hymas was interviewed by the FBI regarding discrepancies between the income reported on the loan applications and the amount of income that he reported on tax returns.

Shortly after the interview, Shane and Laurie Krechelle Hymas retained legal counsel. Numerous meetings were conducted between the parties.  In December 2009, Shane and Laurie Krechelle Hymas executed plea agreements whereby they agreed to plead guilty and cooperate in the investigation.

## II.     GUIDELINES RANGE AND SENTENCING RECOMMENDATIONS

### A.     Recommendation

Pursuant to the terms of the plea agreement, the Government recommends the Court impose sentence on Shane Hymas at an offense level of twelve (12) and a criminal history category of I, which yields a sentencing guidelines range of 10-16 months; and impose sentence on Laurie Krechelle Hymas at an offense level of ten (10) and a criminal history category of I, which yields a sentencing guidelines range of 6-12 months.

The Government recommends a sentence within the sentencing guidelines, followed by five years of supervised release with all the conditions recommended by U. S. Probation and Pretrial Services.  This is a sentence that reflects not only the seriousness of the offense described in the Indictment and the Plea Agreement, but also the Defendant's overall conduct as set forth in the PIR.

Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), the Court is required to consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the

need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.

### 1. The Nature and Circumstances of the Offense

The nature and circumstances of the offense indicate a concerted effort to submit false information to lenders on residential loans for personal benefit.

### 2. Defendants' History and Characteristics

The history of the defendants has been fully discussed in the PIR.

### 3. The Need For the Sentence To Reflect the Seriousness of the Offenses, to Promote Respect for the Law, and to Provide Just Punishment.

The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense will be best served by the government's recommended sentence.

### 4. The Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct and Protect the Public From Further Crimes of the Defendants.

The sentence in this case must be severe enough to deter the defendants and others from weighing the costs of a lenient sentence versus the benefits of defrauding lenders. The government's recommended sentence will serve that goal and deter others from following their example.

5. **The Need To Provide Defendants With Educational and Vocational Training, Medical Care or Other Correctional Treatment**

Another factor that the Court is to consider is the need to provide the defendants with educational and vocational training, medical care, or other correctional treatment in the most effective manner and the kinds of sentences available. The defendants do not have any known medical problems nor a demonstrated need for educational or vocational training.

6. **The Need to Provide Restitution to Victims**

As for restitution, the PIR calculated the total amount of restitution on the counts related to Shane Hymas as $718,036.51. Accordingly, the Government seeks a restitution order as to Shane Hymas of $718,036.51. The PIR calculated the total amount of restitution owed by Laurie Krechelle Hymas as $174,363.19. Restitution as to Laurie Krechelle Hymas is sought in the amount of $174,363.19.

7. **The Need to Avoid Unwarranted Sentence Disparity Among Defendants Involved in Similar Conduct Who Have Similar Records**

The final factor for the Court to consider is the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. In this case, the Sentencing Guidelines calculation includes specific offense level adjustments for virtually all of the aspects of defendants' conduct, and none of the factors in Section 3553(a) suggest that a sentence outside that range would be appropriate.

**III.    CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Honorable Court impose a sentence with the sentencing guidelines, as set forth above.

Respectfully submitted this 4th day of April, 2011.

                                              WENDY J. OLSON
                                              United States Attorney
                                              By:

                                              _____
                                              /s/ George W. Breitsameter
                                              Assistant United States Attorney

                                              _____
                                              /s/ Kenneth M. Robins
                                              Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing Government's Sentencing Memorandum was served on all parties named below this 4th day of April, 2011.

    \_\_\_ United States Mail, postage prepaid

    \_\_\_ Hand delivery

    \_\_\_ Facsimile Transmission (fax)

    \_\_\_ Federal Express

    _x_ ECF Filing

Philip H. Gordon
Gordon Law Offices, Chtd.
623 West Hays Street
Boise, Idaho 83702
Attorney for Shane Hymas

Marcus R. Mumford
Mumford West PLLC
Attorney at Law
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Attorneys for Laurie Krechelle Hymas

                                          _____
                                          /s/ George W. Breitsameter